UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
In Re:                                                    )
                                                          )
                                                          ) Chapter 11
EMC BRONXVILLE METROPOLITAN LLC,                          )
                                                          ) Case No. 18-22963-RDD
          Debtor.                                         )
                                                          )
---------------------------------------------------------

## MOTION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Thomas E. Haynes Architect, Werner E. Tietjen, PE and Hall Heating & Cooling Service, Inc. (the "Petitioners"), by and through its undersigned counsel, hereby move this court (the "Motion") for the entry of an order directing the immediate appointment of a Chapter 11 trustee (the "Trustee") in the above-captioned Chapter 11 case, substantially in the form attached hereto as Exhibit A, under sections 105(a) and 1104(a)(1)(2) of title 11 of the United States Code (the "Bankruptcy Code"). In support hereof, the Petitioners respectfully state as follows:

### PRELIMINARY STATEMENT

1.     By this Motion, the Petitioners seek the immediate appointment of a Trustee to serve as a responsible fiduciary who can oversee the development of a condominium project at the former the Metropolitan Life building (the "Condos"), located at 759 Palmer Road, Bronxville, New York. The Debtor has been taken over by a known fraudster, Edgar Melo Costa ("Costa") who has (i) deceived and defrauded the rightful owners of the Bronxville Metropolitan and its creditors; (ii) transferred estate funds to his personal account while failing to pay creditors; (iii) changed the names of entities without authority to evade creditors and interest holders; and (iv) has close associations with an individual under indictment for securities fraud.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

### A. Bankruptcy Proceedings

3.     On June 22, 2018 the Petitioners filed an *Involuntary Petition* against the above-captioned debtor (the "Debtor") under Chapter 7 of Title 11 of the United States Code, thus commencing this case (the "Case").  The Summons was filed on June 26, 2018. The Debtor was served by United States Postal Service, First Class Mail on July 2, 2018 the Summons.  A copy was also provided via email to the Debtor's counsel.  On July 15, 2018, the Debtor moved to convert the case to Chapter 11 based on the recent transfers by Mr. Costa which appear to be personal in nature, the Petitioners are concerned that Costa will further deplete the estate before the return date.

4.     Additionally, a separate bankruptcy proceeding is currently before the Court for a related company EMC Hotels and Resorts LLC ("EMC Hotels") [Case No. 18-22932].  On June 29, 2018, the Petitioners in that Bankruptcy proceeding moved to have a Chapter 11 Trustee appointed [18-22932-RDD Docket No. 12, 14]. The Debtor opposed the motion [18-22932-RDD Docket Nos. 23, 24 and 25], and the Petitioners filed a response to the Debtor's opposition [18-22932-RDD Docket No. 26]. On July 15, the Debtor filed a Motion to Convert Chapter 7 Case to Chapter 11 [18-22932-RDD Docket No. 27]. In addition, the Debtor's attorney filed a letter with the Court on July 15, 2018f wherein the Debtor, among other items, advised that it will seek to have the related EMC Chapter 11 cases jointly administered [18-22932-RDD Docket No. 28].

5.  At a hearing on July 16, 2018 before Judge Drain, the parties agreed to an order converting the EMC Hotels bankruptcy proceeding to a Chapter 11 bankruptcy and to the appointment of a trustee to oversee the operations of the Hotel.

6.  Rather than burden the court with hundreds of duplicative pages of materials, the information from the EMC Hotels Bankruptcy is incorporated herein by reference.

### B. EMC Metropolitan LLC Fraudulently Acquired Its Interest In Bronxville Metropolitan

7.  In 2014, Kerry Wellington, a former model and the daughter of Don Wellington, a successful businessman became involved with the development of the former Metropolitan Life property in Bronxville, NY (the "Condos"). In connection with that venture, they formed an entity Key Real Estate Bronxville, LLC ("KREB"). The purpose KREB was to invest in MetLoft Bronxville, LLC (n/k/a EMC Bronxville Metropolitan LLC) which was planning to operate the Condos. In August 2014, Don Wellington invested millions in KREB. Under a promissory note dated August 12, 2014, Wellington provided a loan of more than $7,500,000 to KREB. Wellington made an additional capital contribution to KREB.

8.  In November 2014, MetLoft Bronxville, LLC ("MetLoft") entered into a credit facility with Banco Popular, North America ("Popular"). Under the credit facility, Popular agreed to provide a building and project loan in the aggregate principal amount of up to $24,550,000. Wellington agreed to provide a payment guaranty for the full amount of the Popular loan.

9.  The MetLoft also obtained $5,000,000 in financing under a program commonly referred to as EB-5 which allows foreigners to invest in real estate in return for visas. Upon information and belief, MetLoft, aside from agreed-upon extensions, timely serviced the debt on

3

the Popular loan through the end of 2017, at which time Costa became involved with KREB, and MetLoft.

10. In addition to the Condos, the Wellingtons were also involved with the development of a hotel on the site of a commercial warehouse owned by Howard Dean ("Dean") located just over the Mario Cuomo Bridge adjacent to Interstate 87 in Nyack, NY (the "Hotel"). In 2012, Michael Yanko, a real estate developer approached Dean, an attorney and respected real estate developer, and entered into an agreement to develop the Hotel. The parties formed NYLO Nyack, LLC a/k/a WY Time Hotel, LLC n/k/a EMC Hotels and Resorts, LLC ("EMC Hotels") on January 10, 2014 for the purposes of acquiring the real property at 400 High Avenue, Nyack, New York and developing a boutique hotel at that location that is now known as the Time Hotel.

11. Sometime in late 2017, Kerry Wellington located a new investor for MetLoft and the Hotel through Brent Borland. Borland was the broker who brought EB-5 financing to the project and is presently under indictment for securities fraud by the Office of the United States Attorney for the Southern District of New York relating to the construction of an airport in Belize.

12. This investor was Costa, a Portuguese national, who held himself out as a wealthy entrepreneur and investor who could provide financial support to Kerry and Don Wellington. At the time, MetLoft had approximately $37,500,000 in debt, including approximately $1,500,000 owed to trade creditors. Further, MetLoft had not been paying Banco Popular, the principal secured lender to MetLoft, or the EB-5 creditors and was behind schedule with the Hotel project as well.

13. Costa claimed he was the principal owner of Ecojets, a private jet company as well as many other companies around the world. However, the website for Ecojets is a ruse. One

4

of the people listed on the website is not even an employee of the Company. It does not appear that Ecojets has any planes at all. Costa asserted that he reorganized his father's failing business and told Dean that he sold it for $450,000,000. This is a bald-faced lie, in fact, Costa has personal debts in excess of $1,500,000 from companies in Portugal that he cheated out of money. Costa also claimed to have an engineering degree from Universidade NOVA de Lisboa and a Master's degree from Columbia University in New York City. All of the above facts are lies that Costa advanced to deceive the Wellingtons.

14. In an effort to further perpetrate fraud, Costa changed the name of Metloft Bronxville, LLC to "EMC Bronxville Metropolitan LLC." Furthermore, to enable him to access the Hotel and restaurant's bank accounts, in March 2018, Costa changed the name of WY Hotels, LLC to EMC Hotels and Resorts LLC.

15. Costa's next move was removing Kerry Wellington from managerial and administrative roles in KREB and Key Real Estate Holdings LLC ("KREH"). Costa removed Kerry Wellington from all of the bank accounts associated with KREB and KREH, leaving Costa as the lone signatory and lone manager of each LLC.

16. Costa also forged Kerry Wellington's signatures on documents purporting to establish that she resigned from positions within each LLC.

17. Costa has repeatedly back-dated documents and contracts in an effort to establish a false and misleading record regarding the transfer of ownership interests in KREB, KREH and, MetLoft.

18. As one example, Costa appears to have created a document purporting to show that MetLoft Bronxville, LLC was sold to ELP Ventures II, LLC on December 1, 2017. Yet,

5

ELP Ventures II was not even formed as a Delaware limited liability company until January 17, 2018-more than six weeks later.

19. More troubling for the LLC, its members, and those who are relying on the success of the Projects, Costa has allowed the entities to begin defaulting on the various credit facilities that were extended by Popular and BHI.

20. BHI has issued a notice of default to Time Hotel, LLC and to Wellington as a guarantor of that loan. When Wellington offered to wire $500,000 to BHI to cover past interest on the BHI loan (because Costa refused to make necessary payments on the loan as he had promised) Costa refused to allow Wellington to act in the best interests of the LLC. Costa has also caused the Hotel to pay obligations of MetLoft.

**C. Costa Has A History Of Fraudulent Behavior**

21. Costa is permitted to work in the United States pursuant to an Employment Authorization Card and a valid for work only Social Security Card. Both cards expired in May 2018. It is unclear if they have been reauthorized.

22. Costa apparently has 22 companies in his name. None of them match the 13 dissolved Portugal companies which have judgments against them of approximately $1,500,000.

23. Costa supposedly founded Ecojets. The company has three employees. One is Costa. There is no information on another, and the third is listed as Lidia MacDonald. The picture used for her is actually that of Diane Dillon, the Chief Marketing Officer of Addison Communication in Boston which appears to have been copied and pasted from one of Ms. MacDonald's social media pages. There is a plane listed as belonging to Ecojets with the Ecojets logo and a tail number. The tail number is not registered with the FAA.

6

24. Equally troubling is the fact that Costa was introduced to the Wellingtons by Brent Borland, an individual who was recently indicted for securities fraud on May 16, 2018 by the US Attorneys' Office for the Southern District of New York. Borland was the broker who facilitated the EB-5 financing on both MetLoft and NYLO. Costa specifically told Kerry Wellington that he and Borland were partners in the Blize project which is the subject of that indictment.

## APPOINTMENT OF CHAPTER 11 TRUSTEE IS ESSENTIAL TO PROTECT CREDITORS

25. It is apparent that the only way to protect creditors from the fraudulent operation EMC Bronxville project is to appoint a Chapter 11 Trustee. Costa has proven to be unfit to run the EMC Bronxville. He obtained his interest fraudulently. Costa has a history of lying about his business dealings and his credentials. Costa has fraudulently transferred money from the Hotel's accounts to pay obligations of EMC Bronxville. Finally, He has mismanaged the operation of the EMC Bronxville project.

## CONCLUSION

26. Accordingly, Petitioners respectfully request that the Court enter its order a) granting the Motion; b) ordering the appointment of an Chapter 11 Trustee under section 1104(a)(1)(2)of the Bankruptcy Code; c) ordering the Debtor and any other individual or entity in possession of the Debtor's records and property to cooperate with the Chapter 11 Trustee and immediately turn over to the Trustee all records and property of the estate in their possession or control; and (d) granting Petitioners such other and further relief as the Court may deem appropriate.

## RESERVATION OF RIGHTS

18-22963-rdd    Doc 10    Filed 07/18/18    Entered 07/18/18 14:47:46    Main Document
Pg 8 of 11

27. Petitioners expressly reserves its rights to assert, amend, modify or supplement this Motion and to seek additional discovery and/or present evidence at any hearing in connection with this motion.

For the aforementioned reasons, Petitioners respectfully requests that this Court appoint a Chapter 11 Trustee immediately.

Dated: New York, NY
       July __, 2018

                                 THE SARACHEK LAW FIRM

By:   */S/Joseph E. Sarachek*

Joseph E. Sarachek
The Sarachek Law Firm
101 Park Avenue, 27th Floor
New York, NY. 10178
Telephone: (212) 808-7881
Facsimile: (646) 861-4950
Email: joe@saracheklawfirm.com

8

# **EXHIBIT A**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In Re:                                                   )
                                                         ) Chapter 11
EMC BRONXVILLE METROPOLITAN LLC,                         )
                                                         ) Case No. 18-22963-RDD
                    Debtor.                              )
---------------------------------------------------------------x

## ORDER GRANTING MOTION FOR
## THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

Upon the *Motion For The Appointment of A Chapter 11 Trustee* (the "Motion") [Docket No.____]; the Court having reviewed the Motion; and a hearing having been held on the Motion on _____, 2018 (the "Hearing"); and the Court having found at the Hearing that good and sufficient cause appearing; and the Court having found at the Hearing that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b) and (iv) notice of the Motion was sufficient under the circumstances, and after due deliberation the Court having determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, creditors and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

**ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that United States Trustee is hereby directed to appoint one disinterested person as the Chapter 11 Trustee under 11 U.S.C. § 105(a) and 1104(a)(1)(2) no later than ____ days after entry of this Oder; and it is further

10

**ORDERED**, that the Debtor and any other individual or entity in possession or control of the Debtor's records and property, or any records and property necessary to operate EMC Bronxville Metropolitan LLC, shall turn over possession and/or control of such records and property to the Chapter 11 Trustee to allow the Chapter 11 Trustee to operate and manage the EMC Bronxville Metropolitan project, and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Dated:_____, 2018
White Plains, New York

                                                                      _____
                                                                       The Honorable Robert D. Drain
                                                                       United States Bankruptcy Judge