RATTET PLLC
(Proposed) Attorneys for the Debtor
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 381-7400

Robert L. Rattet
James B. Glucksman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------  x
                                                              :
In re                                                         :    Chapter 11
                                                              :
EMC Bronxville Metropolitan LLC,                              :    Case No.: 18−22963−rdd
                                                              :
                            Debtor.                           :
                                                              :
------------------------------------------------------------  x
```

### DEBTOR'S MOTION FOR AN ORDER, PURSUANT TO FED.R.BANKR.P. RULE 2004 TO EXAMINE SANDRA ROMERO, FORMER BOOKKEEPER OF THE DEBTOR

**TO: THE HONORABLE ROBERT D. DRAIN,**
     **UNITED STATES BANKRUPTCY JUDGE:**

The application of the above captioned Debtor  (the "Debtor"), by their attorneys, Rattet

PLLC for an order authorizing the Debtor to conduct an examination of Sandra Romero, former

bookkeeper of the Debtor, pursuant to Bankruptcy Rule 2004, respectfully sets forth as follows:

### JURISDICTION

1.     On June 22, 2018 an involuntary Chapter 7 petition was filed against the Debtor.

2.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the District Court dated

July 10, 1984 (Ward, Acting C.J.).  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2).

3.      Venue of this proceeding and the within application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested is Section 105 of the United States Bankruptcy Code (the "Bankruptcy Code"), 11 U.S.C. § 105 and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the ("Bankruptcy Rules").

## BACKGROUND

5.      On July 18, 2018 the Debtor filed a Motion to Convert the Debtor's Involuntary Chapter 7 case to a case under Chapter 11 and a consent to relief under Title 11. On July 23, 2018 the Court entered an order converting the case to a case under Chapter 11.

6.      Thereafter the instant proceedings were referred to Your Honor for administration under the Code.

7.      On August 1, 2018 the Debtor filed a request to extend time to file schedules. (ECF Docket No. 15).

8.      On August 2, 2018 the Court entered an order extending the Debtor's time to file Schedules of Assets and Liabilities and Statement of Financial Affairs (the "Schedules") until September 6, 2018. (ECF Docket No. 16).

9.      A meeting of creditors pursuant to 11 U.S.C. § 341 is scheduled for September 5, 2016 is scheduled for September 5, 2018.

10.     On or about July 27, 2018 the Debtor's construction trailer at the Debtor's 759 Palmer Road, Bronxville, New York premises (the "Premises") was apparently broken into and certain computer equipment containing information relating to the Debtor's assets and liabilities was removed. Annexed hereto as Exhibit "1" is a copy of the police report dated July 27, 2018 filed with

respect to this incident.

11.    Without access to the Debtor's computers, the schedules filed by the Debtor will, by necessity be incomplete.

12.    The Debtor thus seeks to depose the Debtor's former bookkeeper, Sandra Romero, under oath. In addition, the accompanying subpoena, a copy of which is annexed hereto as Exhibit "2" (the "Subpoena") requests that she bring with her any tangible property of the Debtor, and appropriate access information for intangible property of the Debtor.

## **RELIEF REQUESTED**

13.    Pursuant to 28 U.S.C. Section 1334(d) and the permanent order of reference of the United States District Court for the Southern District of New York issued pursuant to 28 U.S.C. §157, the Bankruptcy Court has exclusive jurisdiction of all of the property, wherever located, of the Debtors as of the commencement of the cases, and of property of the estates, as well as the determination and allowance of claims against the estates.

14.    The Bankruptcy Court may direct the examination of any party pursuant to Fed.R.Bankr.P. 2004 (a), (b), and (c) which provides:

> (a) Examination on motion - On motion of any party in interest, the court may order the examination of any entity.

> (b) Scope of examination - The examination of an entity under this rule or of the debtor under §343 of the Code may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In a family farmer's debt adjustment case under chapter 12, an individual's debt adjustment case under chapter 13, or a reorganization case under chapter 11 of the Code, other than for the reorganization of a railroad, the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and

the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan.

(c) Compelling attendance and production of documents - The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial. As an officer of the court, an attorney may issue and sign a subpoena on behalf of the court for the district in which the examination is to be held if the attorney is admitted to practice in that court or in the court in which the case is pending.

15.    An examination under Rule 2004 permits any party in interest to examine any entity concerning "any other matter relevant to the case or to the formulation of a plan". See Fed.R.Bankr.P. Rule 2004(b).

16.    This language has been interpreted as providing latitude to conduct discovery broader in scope than that provided for under the Federal Rules of Civil Procedure. *See,* In re Ecam Publ., Inc., 131 B.R. at 559. In fact, the scope of a 2004 examination is so broad that it has been likened to a "fishing expedition." Id. at 559. Under this Rule, the Debtors are entitled to inspect and photocopy documents and papers in the possession, custody or control of GECMC. See Rule 2004 (c) ("The attendance of any entity for examination and the production of documentary evidence may .be compelled in the manner provided in Rule 9016 for the attendance of witnesses at a hearing or trial.")

17.    The Debtor requires the information possessed by and in the knowledge of Sandra Romero as bookkeeper in order to properly complete the Schedules and generally to prosecute the Chapter 11 case towards confirmation of a plan.

18.    The Debtor believes that personal service of Ms. Romero is not possible.

19.    The Debtor is not certain of Sandra Romero's personal or employment address. Thus,

the Debtor requests that service be made as follows: service of the Subpoena shall be made as follows: 1) by Electronic Mail upon Sandra Romero at sandra.romero517@gmail.com; 2) by Overnight Courier and first class mail upon an address that may be her residence, 2010 Bruckner Boulevard, #APT 1K, Bronx, NY 10473;  3) by Overnight Courier and first class mail upon an address that may be her place of employment, The Time Nyack, 400 High Avenue, Nyack, NY 10960; and 4) by ECF Service and email upon Joseph Sarachek, attorneys for Petitioning Creditors. The Debtor believes that these methods of service are calculated to bring the Subpoena to the attention of Ms. Romero.

WHEREFORE, the Debtor respectfully prays for the relief requested in the within Application and Order, a copy of which is also annexed hereto as Exhibit "3", and the Subpoena, a copy of which is also annexed hereto as Exhibit "1", together with such other and further relief as is just, proper and equitable under the circumstances.

Dated: White Plains, New York
      August 24, 2018

                    RATTET PLLC
                    Attorneys for the Debtor
                    202 Mamaroneck Avenue
                    White Plains, New York 10601
                    (914) 381-7400


                    By: */s/ Robert L. Rattet*_____
                        Robert L. Rattet

EXHIBIT "1"



Form YPD-5 Rev 10/11

## Yonkers Police Department
## Citizen Information Form

The incident which you have reported to the Yonkers Police Department

will be filed as complaint number 88507
this case number when making any inquires or when supplying additional information on this case.
If a report has been written, you may get a copy of it at YPD Record Division at 104 South Broadway.

Place of occurrence 759 Palms Rd

Investigating Officer(s) PO WYKo (C?)
NOTE: When appearing in court to pursue a complaint, you must bring this form with you.
See reverse side for important phone numbers.

* To obtain copies of Motor Vehicle Accident

## Formulario De Informacion Para Vivientes De Yonkers

*El incidente que usted ha reportado con este Departamento hoy dia*

se le dara el numero de queja_____ Usted debe referirse este
numero cuand tenga preguntas o para ofrecer informacion adicional sobre este incidente. Usted
**puede obtener una copia de su reporte en el Departamento de Archivos (Records) de la Policia de
Yonkers en 104 South Broadway.** NOTA: Usted debe traer este formulario a la corte para seguir
adelante con esta queja. (Vea la parte detras de este formulario para telefonos importantes)

** Para obtener copias de accidentes de automoviles por favor ingrese

EXHIBIT "2"

RATTET PLLC
(Proposed) Attorneys for the Debtor
202 Mamaroneck Avenue
White Plains, New York 10601
(914) 381-7400

Robert L. Rattet
James B. Glucksman

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------  x
                                                            :
In re                                                       :    Chapter 7
                                                            :
EMC BRONXVILLE METROPOLITAN LLC,                            :    Case No.: 18−22963−rdd
                                                            :
                                  Debtor.                   :
                                                            :
----------------------------------------------------------  x
```

# RULE 2004 SUBPOENA

**TO:    Sandra Romero**

☒    YOU ARE COMMANDED to appear pursuant to Rule 2004, Fed. R. Bankr.P., at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE:<br>Rattet PLLC<br>202 Mamaroneck Avenue, Suite 202<br>White Plains, New York 10601 | DATE AND TIME:<br><br>September 11, 2018 at 11:00 a.m. |
| --- | --- |

☒    YOU ARE COMMANDED to produce for inspection and turnover the following documents or objects at the place, date and time specified below as provided on the attached Schedule "A".

| PLACE:<br>Rattet PLLC<br>202 Mamaroneck Avenue, Suite 202<br>White Plains, New York 10601 | DATE AND TIME:<br><br>September 11, 2018 at 11:00 a.m. |
| --- | --- |

| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER |
|---|
| Robert L. Rattet, Esq., Rattet PLLC, 202 Mamaroneck Avenue, Suite 202, White Plains, New York 10601 (914) 381-7400 |

## PROOF OF SERVICE

| **SERVED** | DATE | PLACE |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
               DATE                           SIGNATURE OF SERVER


                                              _____
                                              ADDRESS OF SERVER

                                              _____

Rule 45, Fed.R.Civ.P., Parts (d) & (e) made applicable to cases under the Bankruptcy Code by Rule 9016, Fed.R.Bankr.P. provide:

(d) Protecting a Person Subject to a Subpoena; Enforcement.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) Duties in Responding to a Subpoena.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

3

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**Exhibit A**

**Debtor's Requests for Production of
Documents to Sandra Romero ("You" or "Your")**

**DEFINITIONS**

1.      As used herein, the term "All" shall be construed as "all" and "each."

2.      As used herein, the term "Chapter 11 Case" means the Chapter 11 case of the

Debtor encaptioned EMC Bronxville Metropolitan LLC, Case No. 10-24129 (RDD), which are

currently pending before the United States Bankruptcy Court for the Southern District of New

York.

3.      As used herein, the term "Claim" shall have the meaning set forth in section

101(5) of the Bankruptcy Code.

4.      As used herein, the term "Communication(s)" means the transmittal of

information (in the form of facts, ideas, inquiries, or otherwise) and includes all oral and written

communications of any nature, type or kind including, but not limited to, any Documents,

telephone conversations, discussions, meetings, facsimiles, emails, pagers, memoranda, and any

other medium through which any information is conveyed or transmitted.

5.      As used herein, the terms "Concerning," "Constituting," "Referring to" or

"Relating to" shall mean relating to, constituting, concerning, referring to, regarding, bearing

upon, supporting or negating, summarizing, pertaining to, alluding to, commenting upon,

touching upon, recording, consisting of, affecting, reflecting, discussing, describing, evidencing,

mentioning or having any logical or factual connection with the matter in question.

6.      As used herein, the term "Debtor" means, collectively, EMC Bronxville

Metropolitan LLC, including, as applicable, their respective affiliates, parents, subsidiaries,

5

predecessors, members, employees, agents, attorneys, investigators, experts, professionals,

officers, directors, representatives, and anyone acting on their behalf.

7.      As used herein, "Device" shall mean any electronic or non-electronic device used

or previously used to the Debtor to create, edit and/or read a "Document" and/or "Electronically

Stored Information" as herein defined.

8.      As used herein, the term "Document" is to be construed in the broadest possible

sense as specified in and interpreted under Rule 34 of the Federal Rules of Civil Procedure, and

includes, without limitation, all originals and copies, duplicates, drafts, and recordings of any

written, graphic or otherwise recorded matter, however produced, reproduced, or stored, and all

"writings" as defined in Rule 1001 of the Federal Rules of Evidence, and all other tangible things

by which human communication is transmitted or stored, meaning any kind of printed,

electronic, recorded, graphic, or photographic matter, however printed, produced, reproduced,

copies, reproductions, facsimiles, drafts and both sides thereof, including without limitation any

kind of written, typewritten, graphic, photographic, printed, taped or recorded material

whatsoever, regardless whether the same is an original, a copy, a reproduction, a facsimile, telex

or telefax, and regardless of the source or author thereof, including without limitation, any

writing filed for reporting or other purposes with any state, federal or local agency; notes;

memoranda, including but not limited to memoranda of telephone conversations; letters; audited

financial statements; unaudited financial statements; financial ledgers; intra-office or inter-office

communications; circulars; bulletins; manuals; results of investigations; progress reports; study

made by or for business or personal use; financial reports and data of any kind; working papers;

contracts; agreements; affidavits; declarations; statements; bills; books of accounts; vouchers;

transcriptions of conversations or tape recordings; desk calendars; bank checks; purchase orders;

6

invoices; charge slips; receipts; expense accounts; statistical records; cost sheets; journals; diaries; time sheets or logs; computer data; job or transaction files; appointment books; books, records, and copies; electronic mail messages; extracts and summaries of other documents; drafts of any of the above, whether used or not; and any other writing or recording; computer and other business machine printouts, programs, listings, projections, as well as any carbon or photographic or copies, reproductions or facsimiles thereof and all copies which differ in any way from the original, including without limitation, all forms of electronic media, data, data storage and other forms of electronic or computer-stored or computer-generated communications, data, or representations. This includes, but is not limited to, such material in the form of Electronically Stored Information: that is, any data present in memory or on magnetic or optical storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), saved in an archive, present as "deleted" but recoverable electronic files in memory or on any media, and, present in any electronic file fragments (files that have been deleted and partially overwritten with new data) from files containing such material. Where any otherwise duplicate document contains any marking not appearing on the original or is altered from the original, then such item shall be considered to be a separate original document. Any Document that contains any comment, notation, addition, insertion or marking of any type or kind which is not part of another Document, is to be considered a separate Document.

9.      As used herein, the term "Each" shall be construed as "all" and "each."

10.      As used herein, the term "Electronically Stored Information" or "ESI" means, without limitation, all information contained on any computing device owned, maintained, or otherwise controlled by You, including, but not limited to, mainframe, desktop, laptop, tablet, or

palmtop computers, network servers, telephone voicemail servers, employees' employer-

provided home computers, and the personal digital assistants (PDAs), digital cell phones,

telephone answering machines, pagers, or other information storing electronic devices of You

and Your employees, or on associated external storage media, backup tapes, and other archival

copies of same. Unless otherwise specified, documents, reports, and other Electronically Stored

Information created using any version of Microsoft Word, Powerpoint, Excel, Visio, or Access,

Word Perfect, Oracle, or any other Microsoft, Adobe, or other currently available "off-the-shelf"

application shall be produced in native form; that is, the form in which the document is currently

stored on whatever media it currently resides. The document should not be locked, resaved,

restructures, "scrubbed" of unapparent or hidden content or any other data or metadata, but rather

should be produced in a copy precisely reproducing its entire state as present in Your systems.

Unless otherwise specified, electronic mail (e-mail) should be produced in native form; that is, in

whatever database and/or file/directory structures are used by Your mail processing software. All

metadata and other unapparent or hidden data related to mail messages shall be produced,

including, but not limited to, any file attachments, message priority flags, message read/access

timestamps, and, in the case of email sent to distribution lists, information on the membership of

such lists at the time the e-mail was sent.

11.    As used herein, the term "Identify," when used in reference to a Document shall

mean to state: its (i) author(s), recipient(s) and addressee(s); (ii) date; (iii) general subject matter;

(iv) current or last known location; and (v) current or last known custodian; and (vi) format.

**INSTRUCTIONS**

A.    You are required to conduct a thorough investigation and produce all Devices in

Your possession, custody, and control including all Devices in the possession, custody and

8

control of Your attorneys, investigators, experts, officers, directors, employees, agents, representatives, and anyone acting on Your behalf.

B.      You are required to conduct a thorough investigation and produce all Documents in Your possession, custody, and control including all Documents in the possession, custody and control of Your attorneys, investigators, experts, officers, directors, employees, agents, representatives, and anyone acting on Your behalf.

C.      The use of the singular form of any word includes the plural, and vice versa.

D.      The connectives "and," and "or," shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

E.      If You are unable to comply with a particular category(ies) of the requests below and Documents responsive to the category are in existence, Identify the following information:

(1) The date of the Document;

(2) The type of Document (*e.g.* letter, memorandum, report, etc.);

(3) The general subject matter of the Document;

(4) The name, address, telephone number and title of the author(s) of the Document;

(5) The name, address, telephone number and title of each recipient and/or addressee of the Document;

(6) The number of pages in the Document;

(7) The document control number, if any;

(8) The present location(s) of the Document and the name, address and telephone number of the person(s) who has (have) possession of the Document;

(9) A specific description of the subject matter of the Document;

9

(10)     The reason why the Document cannot be produced or why you are unable to comply with the particular category of request.

F.      You are under a continuing duty to seasonably amend your written response and to produce additional Documents ESI or Devices if You learn that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the Examiner during the discovery process or in writing.

G.      You are required to produce the full and complete originals, or copies if the originals are unavailable, of each Document responsive to the categories below along with all non-identical copies and drafts in its or their entirety, without abbreviations, excerpts, or redactions. Copies may be produced in lieu of originals if the entirety (front and back where appropriate) of the Document is reproduced and the Responding Party or its authorized agent or representative states by declaration or affidavit under penalty of perjury that the copies provided are true, correct, complete, and an accurate duplication of the original(s ).

H.      You are required to produce the Documents as they are kept in the usual course of business, or to organize and label them to correspond with each category in these requests.

I.      You are required to produce Electronically Stored Information in searchable form on DVDs, CD-ROMs, or any other medium that is acceptable to counsel to the Examiner. If necessary, all Electronically Stored Information shall be translated before production into reasonably usable form.

J.       If You withhold or redact a portion of any Document under a claim of privilege or other protection, each such Document must be identified on a privilege log, which shall be produced contemporaneously with the non-privileged Documents responsive to this Request for Production, and which privilege log shall Identify the following information:

10

(1)  The date of the Document;

(2) The type of Document (~, letter, memorandum, report, etc.);

(3) The general subject matter of the Document;

(4) The name, address, telephone number and title of the author(s) of the

Document;

(5) The name, address, telephone number and title of each recipient and/or

addressee of the Document;

(6) The number of pages in the Document;

(7) The document control number, if any;

(8) The present location(s) of the Document and the name, address and telephone

number of the person(s) who has (have) possession of the Document;

(9) A general description of the subject matter of the Document or the portion

redacted without disclosing the asserted privileged or protected communication;

(10)      The specific privilege(s) or protection(s) that you contend applies.

K.      Requests relating to any Person shall include such Person's employees, agents,

attorneys, investigators, experts, professionals, officers, directors, representatives, and anyone

acting on such Person's behalf.

L.      In producing Documents you are requested to produce the original of each

M.      Document requested together with all non-identical copies and drafts of that

Document.

N.      Any and all comments, notes or signatures appearing on any Document, and not a

part of the original, are to be considered a separate Document, and all drafts, preliminary forms

or superseded versions of any Document are also to be considered a separate Document.

11

O.      Any and all Documents should be produced in the file, folder, envelope or other container in which the Documents are kept or maintained. If for any reason the container cannot be produced, please produce copies of all labels or other identifying markings. Documents attached to each other must not be separated.

P.      Unless specified otherwise, the relevant time period for each of the Requests shall be January 1, 2012 to the date upon which You produce documents responsive to these requests.

Q.      All Documents and things responsive to this Subpoena shall be mailed or delivered to Rattet PLLC, 202 Mamaroneck Avenue, White Plains, New York 10601, Attn: Robert L. Rattet, Esq., so that they are received no later than the production date set forth on the attached subpoena.

## DOCUMENTS REQUESTED

### A. General

1.      All documents relating the Debtor, including but not limited to the names and addresses of all creditors of the Debtor, and amounts of the Debtor's debts.

### B. Devices

2.      Physically produce all Devices or, if the devices are not in Your possession, any information you may have or be privy to with respect to the location and/or disposition of said devices.

EXHIBIT "3"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- x
                                                         :
In re                                                    :    Chapter 7
                                                         :
EMC BRONXVILLE METROPOLITAN LLC,                         :    Case No.: 18−22963−rdd
                                                         :
                     Debtor.                             :
                                                         :
-------------------------------------------------------- x
```

**ORDER DIRECTING SANDRA ROMERO, FORMER
BOOKKEEPER OF THE DEBTOR TO APPEAR FOR ORAL
EXAMINATION AND TO PRODUCE CERTAIN DOCUMENTS
TO THE DEBTOR PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 2004**

Upon the application dated August 22, 2018 (the "Application") of EMC Bronxville

Metropolitan LLC, the above captioned debtor and debtors-in-possession (the "Debtor")  by its

proposed attorneys Rattet PLLC seeking entry of an order (the "Order") of this Court pursuant to

Federal Rule of Bankruptcy Procedure 2004, directing Sandra Romero to (i) appear for oral

examination and (ii) to produce documents, and timely and sufficient notice of the Application

having been provided to all parties required to be served; and it further appearing that good cause

exists therefore; it is hereby

**ORDERED** that the Sandra Romero appear for oral examination on September 11, 2018

at 11:00 a.m., at the offices of Rattet PLLC, attorneys for the Debtor, 202 Mamaroneck Avenue,

White Plains, New York 10601 as set forth in the Debtor's Rule 2004 Subpoena (the

"Subpoena") annexed hereto as **Exhibit "1"**; and it is further

**ORDERED,** that Sandra Romero produce for inspection and turnover any and all

documents set forth in the Subpoena at the offices of attorneys for the Debtor, 202 Mamaroneck

Avenue, White Plains, New York 10601; and it is further

**ORDERED,** that service of the Subpoena shall be made as follows: 1) by Electronic Mail upon Sandra Romero at sandra.romero517@gmail.com; 2) by Overnight Courier and first class mail upon an address that may be her residence, 2010 Bruckner Boulevard, #APT 1K, Bronx, NY 10473;  3) by Overnight Courier and first class mail upon an address that may be her place of employment, The Time Nyack, 400 High Avenue, Nyack, NY 10960; and 4) by ECF Service and email upon Joseph Sarachek, attorneys for Petitioning Creditors.

Dated:  White Plains, New York
           August __, 2018

_____ _____ _____
HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE